2016 IL App (1st) 150584

FIRST DIVISION
MARCH 21, 2016

No. 1-15-0584

| | | |
|---|---|---|
| TETON, TACK AND FEED, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| GERARDO JIMENEZ and PATRICIA CALVILLO, | ) | No. 15 M1 700505 |
| | ) | |
| Defendants-Appellants | ) | |
| | ) | Honorable |
| (All Unknown Occupants, | ) | Diana Rosario, |
| Defendants). | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion

**OPINION**

¶ 1     This appeal arises from the February 13, 2015 order of the circuit court of Cook County which granted judgment to plaintiff-appellee Teton, Tack & Feed, LLC (Teton), in its forcible entry and detainer action against defendants-appellants Gerardo Jimenez and Patricia Calvillo and awarded possession of the premises commonly known as 2840 N. Mulligan, Chicago, Illinois (the property) to Teton.  On appeal, Jimenez argues that the circuit court's judgment should be reversed because Teton's deed to the property was fraudulent and, consequently, Teton has no right to possession of the property.  For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                              BACKGROUND

¶ 3     On January 9, 2015, Teton filed a cause of action against under the Forcible Entry and

Detainer Act (735 ILCS 5/9-102(a)(6) (West 2014)). In its complaint, Teton alleged that it was entitled to possession of the property and that Jimenez and Calvillo were unlawfully withholding possession from Teton.

¶ 4    On January 26, 2015, Jimenez filed a motion to dismiss Teton's complaint. Although styled as a motion to dismiss on the pleadings pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2014)), Jimenez did not identify any pleading defects in the complaint but instead raised factual challenges regarding the chain of title. Specifically, Jimenez did not allege that he was entitled to possession of the property. Instead, Jimenez alleged that Teton had obtained a fraudulent deed to the property and, consequently, had no right to possession. Jimenez attached several exhibits to this motion which showed several transactions concerning the property.

¶ 5    According to the documents submitted by Jimenez, on January 26, 2007, Jimenez and Calvillo took out a mortgage on the property from Mortgage Electronic Registration Systems, Inc. (M.E.R.S.), as nominee for Fieldstone Mortgage. Later, on September 11, 2008, M.E.R.S.'s interest in the mortgage was then assigned to an entity known as Credit-Based Asset Servicing and Securitization LLC (Credit-Based).

¶ 6    The record reflects that Credit-Based then obtained a judgment of foreclosure against Jimenez and Calvillo in April 2009. On March 3, 2010, after a public sale following Credit-Based's 2009 judgment of foreclosure, a deed was recorded which conveyed title to the property to Pledged Property II, LLC.

¶ 7    Although there are other deeds attached to Jimenez's motion, the record does not contain the full chain of title to the property. Specifically, there are no documents regarding the chain of title from March 2010 to June 2014. However, Jimenez's motion attached a deed dated

June 20, 2014 conveying title to the property from U.S. Bank National Association to Mountainview Mortgage Opportunities Fund (Mountainview). Subsequently, on October 14, 2014, the record reflects that a deed was recorded which conveyed title to the property from Mountainview to Teton. In his motion to dismiss Teton's complaint in the circuit court, Jimenez contended that the deeds granting title to the property to Teton and Mountainview were "fraudulent" and, consequently, Teton's title to the property is invalid.

¶ 8 On January 29, 2015, the circuit court ordered Teton to respond to Jimenez's motion to dismiss by February 6, 2015. However, the record on appeal is incomplete as to the subsequent proceedings in the circuit court. In particular, the record is silent as to whether Teton filed a response to Jimenez's motion and, if so, what arguments or facts it alleged. The record reflects that, on February 13, 2015, the circuit court held a hearing on Jimenez's motion, but the record contains no transcript of any arguments or evidence presented at that hearing. The corresponding written order shows that, at the hearing's conclusion, the circuit court granted judgment to Teton and issued an order granting possession of the property to Teton.

¶ 9 On February 27, 2015, Jimenez and Calvillo filed a timely notice of appeal.[1] Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 10 ANALYSIS

¶ 11 At the outset, we note that, because this appeal arises from the circuit court's final judgment in favor of the plaintiff in an action under the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-106 (West 2014)), our standard of review is whether that ruling was against the manifest weight of the evidence. *S& D Service, Inc. v. 915-925 W. Schubert Condominium*

_____

[1] Though party to this action and designated as an appellant in the notice of appeal, Calvillo has not submitted any brief in this appeal.

*Assoc.*, 132 Ill. App. 3d 1019, 1021 (1985); *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27.

¶ 12     Similar to his motion in the circuit court, Jimenez's argument on appeal revolves around the validity of Teton's title to the property.  Jimenez contends that we should reverse the decision of the circuit court because Teton's title is invalid and, as a result, the circuit court's judgment declaring that Teton was entitled to possession was against the manifest weight of the evidence.

¶ 13     We find that Jimenez's appeal lacks merit in light of: (1) our case law establishing that questions of title are distinct from the issue of the right to immediate possession under the Act; and (2) the insufficiency of the record on appeal.

¶ 14     First, we recognize the limited scope of the Act, which is designed to establish an efficient process by which parties may assert their rights to immediate possession of a property without the potential for encumbrance or delay arising from unrelated issues or claims. *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 256 (1970).  Accordingly, the Act limits the issues which parties to such an action may raise during the proceedings.  Section 9-106 of the Act states, in pertinent part, the following:

> "The defendant may under a general denial of the allegations of the
>
> complaint offer in evidence any matter in defense of the action ***
>
> [N]o matters not germane to the distinctive purpose of the
>
> proceeding shall be introduced by joinder, counterclaim or
>
> otherwise."  735 ILCS 5/9-106 (West 2014).

¶ 15     Thus, in order for Jimenez's allegations that Teton held an invalid title, and the evidence purporting to support them, to be relevant, issues of title must be "germane to the distinctive purpose of the proceeding."  However, the case law makes clear that a challenge to the validity

of plaintiff's title is only "germane" where it establishes or clarifies a defendant's right to immediate possession. *Rosewood*, 46 Ill. 2d at 256.

¶ 16     As this court has made clear, "[f]orcible entry and detainer is a summary statutory proceeding to adjudicate rights to possession and is unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession." (Internal quotation marks omitted.) *Spanish Court Two Condominium Ass'n v. Carlson*, 2012 IL App (2d) 110473, ¶ 20 (quoting *Rosewood*, 46 Ill. 2d at 255).  Additionally, this court has held that serious title disputes are *not* directly connected with the question of possession and, thus, are not germane to proceedings under the Act:

> "The scope of judicial inquiry is confined to a determination of the
> right to immediate possession.  The question of title, therefore,
> cannot be litigated. [Citation.]  Evidence of title may be admissible
> for the limited purpose of establishing or clarifying one's right to
> immediate possession. However, when the admission of title
> documents requires an adjudication of contradictory claims to title,
> such documents are inadmissible.  A serious title dispute cannot be
> decided in an action under the forcible entry and detainer statute."
> *Heritage Pullman Bank v. American National Bank & Trust Co. of*
> *Chicago*, 164 Ill. App. 3d 680, 685 (1987).

¶ 17     Accordingly, it appears that Jimenez's arguments, in his motion in the circuit court and on appeal, are misplaced.  The distinctive purpose of a proceeding under the Act is to determine which party has the right to immediate possession of the relevant premises, not the validity of either party's title to the premises.  However, instead of arguing that he had a superior right to

5

immediate possession over Teton, Jimenez challenged the validity of Teton's title in an attempt to attack Teton's right to possession without ever asserting his own. Thus, Jimenez's attack on Teton's title was irrelevant to the crucial issue in this summary proceeding.

¶ 18    Further, even assuming that Jimenez's arguments concerning the validity of Teton's title were relevant to the trial court's analysis, and thus ours, we would nevertheless be constrained to affirm the trial court, due to the insufficiency of the record on appeal. As the appellant, Jimenez's failure to include within that record any argument or evidence supporting the circuit court's decision in favor of Teton must be construed against him.

¶ 19    It is well-established that, in Illinois, it is the appellant's burden to support a claim of error by presenting a sufficiently complete record of the circuit court proceedings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Chicago City Bank & Trust Co. v. Wilson*, 86 Ill. App. 3d 452, 454 (1980). Accordingly, "in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. Further, where any doubts arise from an ambiguity within the record, the reviewing court must resolve those issues against the appellant. *Id*. Though Jimenez appears before us as a *pro se* litigant, his status as such does not absolve him from this burden on appeal. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993).

¶ 20    In this case, Jimenez failed to include any record of Teton's response to his motion to dismiss, or any record of the hearing on said motion. Thus, we have no reason to doubt that the evidence and arguments which Teton presented were sufficient to support the circuit court's judgment that Teton was entitled to immediate possession.

¶ 21    Ultimately, the circuit court needed only to consider evidence germane to each party's right to immediate possession of the property. Even if the circuit court deemed Jimenez's

challenge to Teton's title to be relevant to his own right to possession and thus germane to the proceedings, we must infer from the gaps in the record on appeal that the court was sufficiently convinced of the title's validity by the facts or arguments presented that were not made available for our appellate review.

¶ 22 This result is only further justified in light of the fact that, by Jimenez's own admission through the documents he submitted to the circuit court, Teton has a recorded deed to the property. Though Jimenez suggests that this deed is fraudulent, the record contains no evidence to support that claim. Nor does the record contain any evidence that Jimenez had a superior right to possession of the property. To the contrary, the record appears to show that, prior to Teton's cause of action, Jimenez's title and rights to possession were terminated through a foreclosure action and resulting sale. Consequently, we can find no basis to conclude that the circuit court's judgment was against the manifest weight of the evidence.

¶ 23 Accordingly, we can find no error in the circuit court's judgment in this action. For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 24 Affirmed.