2019 IL App (1st) 1823111-U
No. 1-18-2311

SIXTH DIVISION
November 1, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IN RE MARRIAGE OF DAVID F. BAMBIC, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 09 D 06743 |
| | ) | |
| CATHERINE M. WOOD, | ) | The Honorable |
| | ) | David E. Haracz, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment.

**ORDER**

*Held:*        Where appellant did not sufficiently comply with Illinois Supreme Court Rule 341 and the record on appeal is insufficient to review his claims of error, the trial court's judgment is affirmed.

¶ 1        This appeal arises from the trial court's order finding that petitioner David Bambic owed $41,396.66 in child support arrearage. Defendant appeals that order *pro se*. We affirm.

¶ 2        In May 2011, the trial court awarded petitioner and respondent, Catherine Wood, a judgment of dissolution of marriage and granted respondent sole custody, care, and control of the minor children. Petitioner appealed, arguing that he was denied a fair trial and that the trial

court's judgment was against the best interests of the children. See *Bambic v. Wood*, 2011 IL App (1st), 111608 ¶ 1. On November 14, 2011, we affirmed the trial court's judgment. *Id.*

¶ 3     On May 31, 2018, the trial court entered an order regarding child support arrearage owed by petitioner. Petitioner appeals that order. The record on appeal contains a record prepared by petitioner. The record does not include reports of proceedings, bystander's reports, or agreed statements of facts. We note that, on November 21, 2018, we granted petitioner's "*Pro Se* Motion to Limit Record on Appeal of Child Support Order to Relevant Portion of Entire Divorce Court Record." We directed the Clerk of the Circuit Court of Cook County to prepare the record on appeal as described in a five-page table attached to petitioner's motion entitled, "Proposed Limited Contents of Record on Appeal." We directed petitioner to work with the clerk's office to ensure that a proper record was compiled.

¶ 4     The following facts are taken from the record submitted by petitioner. On May 31, 2018, the court entered an order finding that petitioner owed $41,397.66 in child support arrearage. Petitioner fails to direct this court to the motion or petition that was the subject of the court's order and we are unable to locate any motion in the record on appeal. The trial court's order noted that the court ordered a hearing on the amount of child support arrearage and that no evidence was filed by the April 30, 2018, discovery deadline. The court's order stated that it entered "the finding of CSDU (as contractor of HFS (Health and Family Services of IL)[)] as of 3/30/18 to be the actual amount of child support owed in arrearage: $41,397.66." (Emphasis in original.) The March 30, 2018, order is not contained in the record submitted by petitioner.

¶ 5     Petitioner timely filed a motion to reconsider the court's May 31, 2018, order. He asserted, *inter alia*, that he was in an accident at work in 2011 that left him with a "prolonged temporary disability" and that he provided the court with "copious financial information, yet this

Court has systematically denied his right to have a hearing on this information, claiming falsely that he has never provided the Court his financial information." Petitioner claimed that all of the trial court's child support orders entered in this case had no basis in fact and violated his constitutional rights to procedural due process.

¶ 6 Petitioner attached to his motion to reconsider a transcript of a hearing that took place in the trial court on September 30, 2011. According to the transcript, a May 2011 order required petitioner to get leave of court before filing any motions. Petitioner also attached to his motion to reconsider a motion for leave to file a section 2-1401 petition (735 ILCS 5/2-1401 (West 2012)) to reduce child support and a "proposed" petition to reduce child support that he filed on April 5, 2012. In this petition, petitioner asserted, *inter alia*, that he was not working full time due to an occupational accident and he requested that the court reduce his child support payments until he returned to full employment. This record does not contain any court orders showing that the court issued rulings on petitioner's leave to file the proposed petition or on the proposed petition.

¶ 7 Petitioner also attached to the motion to reconsider certain orders entered by the trial court between August and October of 2016 that are not relevant to this appeal.

¶ 8 On August 13, 2018, the trial court denied petitioner's motion to reconsider the May 31, 2018, order on child support arrearage, finding that the motion had no basis in law or fact. It noted that it held a hearing on May 31, 2018, regarding petitioner's child support arrearage and that it made certain findings, including that he owed $41,397.66 in past due child support through March 30, 2018.

¶ 9 Turning to petitioner's arguments on appeal, we initially note that the content and format of appellate briefs are governed by Illinois Supreme Court Rule 341(h) (eff. May 25, 2018). *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. These rules are mandatory. *Id.* When a party fails

to comply with the applicable rules of appellate procedure, this court may strike a brief and dismiss an appeal based on the party's failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st), ¶ 12. "The purpose of the rules is to require parties to present clear and orderly arguments, supported by citations of authority and the record, so that this court can properly ascertain and dispose of the issues involved." *Burrell v. Village of Sauk Village*, 2017 IL App (1st) 163392, ¶ 14. As a reviewing court, we are "entitled to the benefit of clearly defined issues with pertinent authority cited and a cohesive legal argument." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. Petitioner, as a *pro se* litigant, is not absolved from this burden on appeal. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19.

¶ 10        Here, petitioner's brief does not comply with Rule 341(h). Rule 341(h)(6) requires the appellant to state "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Petitioner's statement of facts contains improper argument and comment as well as irrelevant facts. For example, petitioner asserts arguments regarding the hearing that took place on September 30, 2011, and the trial court's findings following that hearing. He attacks the Illinois Department of Health and Family Services for refusing to comply with statutory obligations and for agreeing to payment terms with his worker's compensation attorney in June 2018 without his consent. We note that, " '[a]ny statement that is argumentative or made without reference to the record need not be considered by this court.' " *Burrell*, 2017 IL App (1st) 163392, ¶ 15 (quoting *Bank of Chicago v. Park National Bank*, 277 Ill. App. 3d 167, 168 (1995)).

¶ 11        Petitioner also recites sections from different motions and petitions that he filed with the trial court at various times following the court's May 2011 order granting the judgment of

dissolution of marriage, including a motion to "Transfer All Issues Regarding Child Support to HFS-CSS Administrative Law Unit" filed in September 2011, a "2nd Memorandum of Fact" filed on November 1, 2011, and a "Petition to Change Child Support" filed on April 5, 2012. This does not help in our understanding of the facts of the case or the issue currently before this court, *i.e.,* the trial court's May 31, 2018, order and the subsequent order denying petitioner's motion to reconsider. Finally, petitioner's statement of facts does not discuss what arguments or facts the parties presented at the May 31, 2018, hearing or at the hearing on petitioner's motion to reconsider.

¶ 12    Further, Rule 341(h)(7) states that the appellant must "present reasoned argument and citation to legal authority and to specific portions of the record in support of his claim of error." *McCann*, 2015 IL App (1st), ¶ 15 (citing Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)). The failure to cite relevant and persuasive authority or assert well-reasoned arguments supported by legal authority violates the rule. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). "This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts." *McCann*, 2015 IL App (1st), ¶ 15. On review, we may decline to address any argument that petitioner made that does not contain appropriate citation (*Enadeghe v. Dahms*, 2017 IL App (1st) 162170, ¶ 23) and an issue that is not clearly defined and sufficiently presented is forfeited, as it does not satisfy Rule 341(h)(7) (*Atlas v. Mayer Hoffman McCann, P.C.,* 2019 IL App (1st) 180939, ¶ 33).

¶ 13    Petitioner's argument section does not consistently contain relevant citations to pages of the record or authority in support of his claims of error or assert well-reasoned arguments supported by relevant and persuasive legal authority. See Ill. S. Ct. R. 341(h)(7) (eff. May 25,

2018). For example, petitioner asserts various arguments regarding the hearing that occurred on September 30, 2011, about seven years before he filed the notice of appeal in this matter. However, petitioner does not provide well-reasoned arguments supported by relevant and persuasive authority regarding the May 31, 2018, hearing or order.

¶ 14    Accordingly, petitioner's brief does not adequately comply with Rule 341(h) and we may dismiss his appeal on this basis. See *McCann,* 2015 IL App (1st), ¶ 12. Yet, we decline to do so. See *Burrell,* 2017 IL App (1st) 163392, ¶ 14 ("Striking a party's brief, in whole or in part, is a harsh sanction and is appropriate only when the violations hinder our review."). We now turn to the merits of petitioner's appeal.

¶ 15    Petitioner contends that the trial court erred when it entered the May 31, 2018, order because it was not based on fact. He argues that the court's judgment is void because the court "systematically commit[ed] statutory due process violations that deprived Petitioner of the constitutional right to a fair hearing." He claims the trial court "systematically" disregarded all of his financial evidence and ignored the law that governs determination of child support. Petitioner asserts that the Illinois Department of Healthcare and Family Services Child Support Services committed fraud because it failed to meet with him to go over his income, its calculations were not based on his documentation, and it presented the court with false information about his income. He asserts that the trial court committed fraud when it "systematically" stated that he "failed to present any evidence of his income."

¶ 16    Petitioner, as the appellant, has the burden "of presenting the reviewing court with a sufficiently complete record to support his or her claim of error." *Ladao v. Faits*, 2019 IL App (1st) 180610, ¶ 36. When the record is incomplete on appeal, as a reviewing court, we presume that the trial court entered its order "in conformity with law" and that it "had a sufficient factual

basis" to do so. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). If we have any doubts based on the ambiguity of the record, we must resolve those issues against the appellant. *Teton, Tack & Feed, LLC*, 2016 IL App (1st) 150584, ¶ 19.

¶ 17    Here, as previously discussed in paragraph three, we granted petitioner's "*Pro Se* Motion to Limit Record on Appeal of Child Support Order to Relevant Portion of Entire Divorce Court Record" and instructed the clerk of the circuit court to prepare the record on appeal as petitioner described in a five-page table attached to his motion. However, petitioner did not comply with our order. On page three of petitioner's table, he listed "Catherine's motion to set arrearage" filed on March 8, 2017, and "Offer of Proof" filed on May 30, 2018, but did not include these items in the record he submitted.[1]

¶ 18    Moreover, although we granted petitioner's motion to limit the record on appeal to the "relevant portion of entire divorce court record," we expressly instructed him to work with the clerk's office to ensure that a proper record was compiled. However, petitioner failed to provide the motion regarding child support arrearage that was the subject of the trial court's May 31, 2018, order. He also failed to produce the March 30, 2018, finding, or any documents related to that finding, from the contractor of HFS referenced in the court's order. These documents are certainly proper and relevant to this appeal.

¶ 19    Because we do not have the motion that was the subject of the court's May 31, 2018, order or the March 30, 2018, finding from a contractor of HFS, we are unable to conduct a meaningful appellate review. See *In re Estate of Matthews*, 409 Ill. App. 3d 780, 783 (2011) (it is the appellant's burden to provide this court "with a sufficiently complete record to allow for

---

[1]    It is unclear from the record petitioner submitted or his "*Pro Se* Motion to Limit Record on Appeal of Child Support Order to Relevant Portion of Entire Divorce Court Record" whether the document petitioner titled "Catherine's motion to set arrearage" filed on March 8, 2017, was the subject of the court's May 31, 2018, order.

meaningful appellate review"); *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 155 (2005) (stating that it was unclear how the appellate court could have reviewed the circuit court's factual findings because nothing in the supporting record contains any factual findings or the basis for the circuit court's decision);

¶ 20 Further, petitioner did not file any transcripts of the hearings or proceedings that took place in the trial court, including the hearings on May 31, 2018, and on petitioner's motion to reconsider. He did not file any substitutes such as a bystander's report or agreed statement of facts under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017). Because we do not have any transcripts or substitutes for these proceedings, we do not know what arguments respondent or petitioner presented to the court during these proceedings. We also do not know the reasoning behind the trial court's orders.

¶ 21 Accordingly, because we do not have an adequate record, we must presume the trial court entered the May 31, 2018, order on child support arrearage and the August 13, 2018, order denying petitioner's motion to reconsider in conformity with the law and with a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 392; *Romito v. City of Chicago*, 2019 IL App (1st) 181152, ¶ 24 (where the trial court's written order provided no insight into the court's rationale, this court concluded that it must presume that the trial court's order had sufficient legal and factual basis).

¶ 22 Further, we note that petitioner asserts that he has had a "motion to modify" and a "1401 petition to recalculate child support" pending since 2012. He claims that these motions must be adjudicated before the court can determine the amount owed for child support arrearage. It was petitioner's responsibility to request the trial court to rule on these motions and if the trial court never issued any rulings on these motions, petitioner is presumed to have abandoned them. See *Kagan v. Waldheim Cemetery Co.,* 2016 IL App (1st) 131274, ¶ 58 (" '[I]t is the responsibility of

the party filing a motion to request the trial judge to rule on it, and when no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise.' ") (quoting *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007)).

¶ 23        For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 24        Affirmed.