2024 IL App (1st) 231246-U

No. 1-23-1246

Order filed August 5, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LA'TWELL S. HAYWOOD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2022 M1 013977 |
| | ) | |
| IRA G. CHERRY, | ) | Honorable |
| | ) | Patricia M. Fallon, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the trial court, where plaintiff has failed to provide a sufficient record for this court's review.

¶ 2    Plaintiff La'twell S. Haywood appeals *pro se* from an order of the trial court entering judgment in favor of defendant Ira G. Cherry on plaintiff's suit for expenses arising from a motor vehicle collision. On appeal, plaintiff concedes that the evidence she presented at trial was

"incomplete," but asks this court to reverse the trial court's judgment and remand for the trial court to consider new evidence she gathered after trial. We affirm.

¶ 3 The record on appeal does not contain a report of proceedings or substitute therefor. The following facts are derived from the common law record, which includes plaintiff's complaint, demand letter, invoices and photographs, written statements, a traffic crash police report, and the court's docket entries and orders.

¶ 4 On September 29, 2022, plaintiff, who proceeded *pro se*, filed a complaint against defendant to recover $1394.93 for a three-week vehicle rental, plus court costs and fees. Plaintiff attached a traffic crash police report documenting that a collision occurred on June 20, 2022, at 9600 South Princeton Avenue in Chicago, Illinois. According to the report, defendant told police that his vehicle had steering issues which caused him to strike plaintiff's vehicle. Plaintiff also attached a handwritten note with the name "Ira" written at the top, the words "I hit your car," and a telephone number that matches the number of defendant listed on the police report. A letter dated March 14, 2023, signed by both parties, states that defendant paid plaintiff $800 for an insurance deductible and a one-week vehicle rental. A demand letter, signed by plaintiff and dated July 30, 2022, references a purported verbal agreement between the parties whereby defendant was to remit payment to plaintiff for a vehicle rental for the period between July 20, 2022, and August 20, 2022. The record also contains three photographs of an unidentified vehicle and invoices regarding vehicle repairs and a vehicle rental.

¶ 5 On June 16, 2023, the trial court entered a form order with checked boxes indicating that judgment was entered in favor of defendant following a trial where plaintiff and defendant appeared. On July 12, 2023, plaintiff filed a timely notice of appeal.

¶ 6    On June 11, 2024, this Court, *sua sponte*, entered an order taking the case on plaintiff's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 7    On appeal, plaintiff concedes that the evidence she presented at trial was "incomplete," but she asserts she has "since gathered all of [her] documents." Plaintiff asks this court to reverse the trial court's judgment and remand for "another judge to review [her] documents."

¶ 8    As an initial matter, plaintiff's brief does not comply with several rules promulgated by the supreme court that governs appellate briefs. Her brief does not contain, *inter alia*, a "Points and Authorities" statement; an introductory paragraph; a statement of the issue presented for review, with detail or citation of authorities; a statement of jurisdiction; or an argument section with citation of the authorities and the pages of the record relied on. See Ill. S. Ct. R. 341(h)(1), (2), (3), (4), (7) (eff. Oct. 1, 2020).

¶ 9    This Court is entitled to briefs that are presented with clearly defined issues and coherent arguments. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. A litigant's *pro se* status does not relieve her of the obligation to comply with the supreme court's rules that govern appellate briefs. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. The rules of the supreme court are not suggestions, but are compulsory. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. We have the authority to strike a brief and to dismiss an appeal due to a litigant's failure to comply with the rules. *In re Estate of DeMarzo*, 2015 IL App (1st) 141766, ¶ 16. However, where the record is short and the issues presented are simple, as is the case here, we may address an appellant's brief. *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083, ¶ 10.

¶ 10    Plaintiff does not claim that the trial court erred in its judgment based on the evidence before it. Instead, she contends that new evidence gathered after trial supports her claim. This

Court's review, however, is limited to the record on appeal. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 16. It is not this Court's function to advocate for any party or to search the record for error. *Scatchell v. Board of Fire & Police Commissioners for Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 104.

¶ 11     Moreover, plaintiff has not provided an adequate record for our review. As the appellant, it is plaintiff's burden to provide a record to this Court that is sufficient to support a claim of error. *United Equitable Insurance Co. v. Thomas*, 2021 IL App (1st) 201122, ¶ 81. Absent such record, we must assume that the trial court acted in accordance with the law and had a sufficient factual basis for its findings and judgment. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19. Therefore, any doubts that arise from the insufficient record will be resolved against plaintiff. *Thomas*, 2021 IL App (1st) 201122, ¶ 81.

¶ 12     The record on appeal does not contain a report of proceedings, a bystander's report, or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Therefore, we cannot determine what testimony was elicited at trial, what documents, if any, were admitted, or the reasons underlying the court's credibility determinations and subsequent judgment.

¶ 13     Because the record is insufficient for our review, we must presume that the trial court acted in accordance with the law and had an adequate factual basis for its findings. *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 30. Accordingly, we affirm the trial court's ruling.

¶ 14     Affirmed.