2025 IL App (1st) 231367-U

No. 1-23-1367

Order filed February 14, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| BROOKFIELD PROPERTIES MULTIFAMILY, LLC, as AGENT FOR THE PAVILION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23 M1 701851 |
| JAMIE LEE BOATSWAIN and UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendant | ) ) | Honorable James A. Wright, |
| (Jamie Lee Boatswain, Defendant-Appellant). | ) | Judge, presiding. |

---

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court where defendant failed to provide a sufficiently complete record for our review on appeal.

¶ 2    Defendant Jamie Lee Boatswain appeals *pro se* from the circuit court's default eviction

order in favor of plaintiff, Brookfield Properties Multifamily, LLC (Brookfield), and the denial of

her motion to vacate the default order. 735 ILCS 5/2-1301(d) (West 2022). On appeal, she contends that the circuit court made an "[e]rror in law" and multiple "[f]actual [d]iscrepencies" and refused to grant her "[r]equest for non-publication."[1] Because defendant has not provided a sufficiently complete record for our review on appeal, we affirm.

¶ 3 The record on appeal does not contain a report of proceedings or substitute therefor. The following facts are derived from the common law record, which includes the complaint and the court's docket entries and orders.

¶ 4 On February 2, 2023, Brookfield filed an eviction complaint against defendant and unknown occupants, alleging that it terminated defendant's apartment lease for failure to pay rent charges amounting to $1,396.97 for the period between December 1, 2022, and January 31, 2023. Brookfield requested possession of the apartment and past-due rent.

¶ 5 Brookfield attached a document titled "Landlord's Five-Days' Notice" reflecting that Brookfield notified defendant that she owed $1,396.97 in rent. An "Affidavit of Service" reflects the five-days' notice document was delivered to defendant 24 days before Brookfield filed for eviction. Brookfield also attached a document that appears to be 15-pages of standardized terms and conditions for Brookfield's lease agreements. It includes notice that an "eviction by a court" "shall not" release the resident "from liability for payment," and that "[i]nsurance coverage maintained by Landlord does not protect Residents" from loss and damage to personal property."

¶ 6 On April 28, 2023, the circuit court entered an order referring defendant, who was present in court, to the "Early Resolution Program" (ERP) for "assessment." The court continued the

---

[1] In her appellate brief, defendant references a third order wherein the court denied her unopposed motion to seal documents, but that order is not in the record on appeal

matter for further ERP case management on May 26, 2023. On that date, the court entered an order stating that, after being referred to ERP for assessment, the case was "not settled" and "ERP case management is complete." It transferred the case to the Presiding Judge of the First Municipal District for further proceedings.

¶ 7     On June 26, 2023, the circuit court entered an order, in the presence of plaintiff's counsel and defendant, continuing the case "to July 20, 2023, at 11:00 a.m., in-person in Courtroom 1402 for trial."

¶ 8     On July 20, 2023, the court entered a default eviction order which granted Brookfield, who was present in court along with its counsel, possession of the apartment and a money judgment totaling $10,412.52 ($9,735.75 in rent and $676.77 in court costs). The order stated that defendant was not present in court and, next to that, "Prove Up." The court ordered defendant to move out of the property before July 27, 2023.

¶ 9     On the same day, defendant filed a motion to vacate the court's eviction order, asserting that she "attempt[ed] to log in on zoom," but "was not allowed in."[2] Defendant asserted that she had "written down" that the trial "was for 11:30," but was informed by somebody at the court that trial was set for 9:30 a.m. Defendant maintained that she was told to "wait *** on zoom to speak with the judge," and that, when she did, she "was dismissed." Defendant indicated that she "left straight from work at 10 am" in order to "make it" to trial, and that "[t]o be in default was beyond [her] control."

_____

[2] Defendant's motion did not have a proper title, but the circuit court referred to it as a motion to vacate.

¶ 10    On July 25, 2023, the court entered an order stating plaintiff's counsel and defendant were present before the court and denying defendant's motion to vacate the default eviction order. Defendant filed a timely notice appeal.

¶ 11    On appeal, defendant contends that the court's eviction order was entered "by default after [she] showed up 10 min late for trial." She argues that the court erred in its ruling because it purportedly made an "[e]rror in law" and multiple "[f]actual [d]iscrepencies," and it refused to grant her "[r]equest for non-publication." She contends, *inter alia*, that Brookfield "failed to provide preventative maintenance," "[f]ailed to provide benefit of insurance collected with rent aside from personal insurance," and claimed she opted out of the insurance. She contends she notified Brookfield in writing prior to "minor deduction of rent for *** unlawful charge of rent insurance (provided by Brookfield)" and attempted to pay rent "minus the [improper] charges" on her account.

¶ 12    Regarding the court's alleged denial of defendant's "[r]equest for non-publication," defendant argues that she "[d]emonstrated evidence of unfair housing practices for [her] privacy for case to be sealed."[3] Defendant contends that counsel for Brookfield "was ok with it," but that the court "still ruled against it." For relief, defendant requests only that we "[s]eal [her] eviction court record."

¶ 13    Defendant attached 12 exhibits to her brief which appear to contain email correspondence between defendant, her insurance provider, and Jesse Wilcox, an agent from Brookfield. The documents are not in the record on appeal, and we therefore cannot consider them. *Hartz Const.*

---

[3] The record on appeal includes neither a request for non-publication (which we presume is a request to seal the record) nor an order denying such a request.

*Co., Inc. v. Village of Western Springs*, 2012 IL App (1st) 103108, ¶ 50 (we may not consider documents that are not part of the record on appeal).

¶ 14    Plaintiff did not file a response. On our own motion, we ordered the matter taken on the record and defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 15    As an initial matter, we note defendant's brief does not comply with the supreme court rules governing appellate briefs. Her brief does not contain, *inter alia*, an introductory paragraph, a statement of facts with references to the pages of the record, or an argument section with citation of the authorities and the pages of the record relied on. See Ill. S. Ct. R. 341(h)(2), (6), (7) (eff. Oct. 1, 2020). "This court is not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. A reviewing court is entitled to briefs that clearly define the issues, cite to authority, and present cohesive arguments. *Bartlow v. Costigan*, 2014 IL 115152, ¶ 52. A party's status as a *pro se* litigant does not relieve him of these obligations. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 16    We may strike a brief and dismiss the appeal for failure to comply with the supreme court rules governing appellate procedure, which are mandatory. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶¶ 12-15. Despite the deficiencies in defendant's brief, we elect not to do so as we understand her core contentions. Nevertheless, we cannot conduct a meaningful review of her appeal because she did not provide an adequate record on appeal for our review.

¶ 17    It is defendant's burden, as the appellant, to provide a record to this court that is sufficient to support a claim of error. *United Equitable Insurance Co. v. Thomas*, 2021 IL App (1st) 201122, ¶ 81; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). In the absence of such a record, we must

assume that the trial court acted in accordance with the law and had a sufficient factual basis for its findings and judgment. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19. Consequently, any doubts arising from the insufficient record will be resolved against defendant. *United Equitable Insurance Co.*, 2021 IL App (1st) 201122, ¶ 81.

¶ 18    Here, defendant challenges three orders: the default eviction order, the order denying her motion to vacate the default judgment, and an order denying her request for "non-publication."

¶ 19    Under section 2-1301 of the Code of Civil Procedure (735 ILCS 5/2-1301 (West 2020)), a trial court may enter a judgment by default "for want of an appearance," but may "in its discretion *** set aside any default" or, on a motion, "set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(d), (e) (West 2020). Because orders entered pursuant to section 2-1301 are discretionary, we review a trial court's ruling granting a default judgment or denying a motion to vacate a default judgment for abuse of discretion. *McNulty v. McNulty*, 2022 IL App (1st) 201239, ¶ 42.

¶ 20    An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the ruling. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 66. To succeed on a motion to vacate a default order, a movant must show "whether substantial justice was done among the parties and whether it is now reasonable, under the circumstances, to force the other side to go to trial on the merits." *McNulty*, 2022 IL App (1st) 201239, ¶ 43.

¶ 21    Here defendant argues the court made errors of law and fact in granting the default judgment and denying her motion to reconsider. The court's order entering default indicated that a "prove up" hearing was held at which defendant was not present. The court's order denying

defendant's motion to vacate the default judgment reflects plaintiff and defendant appeared before the court on the motion. Defendant, however, has not included a report of either proceeding, or an acceptable substitute therefor, in the record on appeal.

¶ 22    As a result, we are without a record of the basis for the eviction order or the grounds for awarding possession and damages to Brookfield. Nor do we know the evidence or arguments presented by Brookfield to the circuit court when it made its decision to enter the default eviction order, or the arguments and basis for the court's denial of the motion to vacate. We are therefore unable to analyze whether the court abused its discretion in entering the default judgment in Brookfield's favor and denying defendant's motion to vacate the default judgment. See *McNulty*, 2022 IL App (1st) 201239, ¶ 42. Rather, in the absence of such a record, we must assume that the trial court's rulings were in accordance with the law and that it had a sufficient factual basis for its findings and judgment. *Foutch*, 99 Ill. 2d. at 392; *Teton, Tack & Feed, LLC*, 2016 IL App (1st) 150584, ¶ 19.

¶ 23    As to defendant's contention that the trial court improperly denied her request for "non-publication," the record on appeal contains neither a request for non-publication nor an order denying such a request. We cannot review an order we do not have. Given defendant's failure to file a sufficient record for our review, we presume that the order entered by the trial court "was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d, 391-92.

¶ 24    For the reasons stated above, the trial court's judgment is affirmed.

¶ 25    Affirmed.