# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Voris v. Voris*, 2011 IL App (1st) 103814

---

| | |
|---|---|
| Appellate Court Caption | ORLA VORIS, Plaintiff-Appellee, v. MARK VORIS, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-10-3814 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | September 30, 2011<br><br>November 17, 2011<br>November 22, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order amending the parties' original agreed parenting order on custody and visitation, including the provision that defendant would refrain from exposing the children to his Jehovah's Witness religion until each child reached 13 years of age, to provide that defendant, as the noncustodial parent, only be allowed supervised visitation was affirmed, where the evidence showed that defendant's actions were having negative effects on the children and defendant violated the supreme court rules by citing an unpublished Rule 23 order. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-D-6597; the Hon. John Thomas Carr, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Mark Voris, of Chicago, appellant *pro se*.

Pedersen & Houpt, P.C., of Chicago (Lawrence W. Byrne and Svetlana Zavin, of counsel), for appellee.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.

Justices Connors and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1     In this child custody action, *pro se* appellant Mark Voris appeals from an order of the circuit court that amended the original agreed parenting order regarding custody and visitation of the parties with their three children and determined that Mark only be allowed supervised visitation with his three minor children. For the reasons stated below, the circuit court's order is affirmed.

¶ 2                                  I. BACKGROUND

¶ 3     The parties, appellant Mark Voris and appellee Orla Voris were married in 1995 and had three children, born in 2000, 2002 and 2005, respectively. On November 12, 2009, an order was entered dissolving their marriage along with an agreed parenting order. The terms reached between the parties included granting Orla Voris custody of the children and visitation rights to the noncustodial parent, Mark Voris. It was agreed that Mark's weekly visitation would occur on Monday and Wednesday evenings and every other weekend. The agreed order also provided that the three children would be encouraged to participate in school and extracurricular activities and events. The agreed order also provided that Mark Voris would refrain from exposing their three children to his Jehovah's Witness religion until each child reached 13 years of age.

¶ 4     In September 2010, the custodial parent, Orla Voris, filed her *"Fourth Verified Post-Decree Petition for Rule to Show Cause and Emergency Petition of Supervised Visitation"* alleging numerous, ongoing instances where Mark violated the terms of the agreed parenting order and that his violations were an attempt to undermine Orla's relationship as the custodial parent with their three children and were harming the well-being of the three children.

¶ 5     After the court presided over a three-day evidentiary hearing on Orla's petition, it held that Mark Voris's visitation schedule would remain as stated in the original agreed parenting order, but it ordered that all visitation time going forward would be supervised. The court

-2-

emphasized that its ruling was not because of Mark's religious beliefs but because it found, after hearing testimony and reviewing all evidence presented, that Mark was exploiting his religious beliefs to alienate their children from Orla, the custodial parent, and, furthermore, that Mark's actions were confusing the children and harming their mental and emotional well-being.

¶ 6    On appeal, Mark argues that the court was provided with no proof of harm to his children; that the court should not have considered the 31-page report by Dr. Gardner, a clinical and forensic psychologist, because it is inconsistent and unconstitutional; and that a Rule 23 (Ill. S. Ct. R. 23 (eff. Jan. 1, 2011)) unpublished order of this court provides precedent for reversing the ruling of the circuit court imposing supervised visitation that limits Mark's ability as a noncustodial parent to expose his children to his religious beliefs because such exposure is in violation of the agreed parenting order.

¶ 7    <h2>II. ANALYSIS</h2>

¶ 8    As a preliminary matter, Orla responds by moving to strike Mark's brief for failing to comply with the procedural requirements contained in Illinois Supreme Court Rule 341. Ill. S. Ct. R. 341 (eff. July 1, 2008). These procedural rules governing the content and format of appellate briefs are mandatory. *People v. Garstecki*, 382 Ill. App. 3d 802, 811 (2008), *aff'd on other grounds*, 234 Ill. 2d 430 (2009). Appellant's brief does, in fact, fail to conform to many of the mandatory requirements of both Illinois Supreme Court Rules 341 and 342 (Ill. S. Ct. R. 342 (eff. Jan. 1 2005)). It does not contain a jurisdictional statement, the standard of review to be employed by the court or the required certificate of compliance with Rules 341 and 342. Furthermore, he fails to cite to the record. He has not included any appendix with his brief and has not attached a copy of his notice of appeal or the final order from which he appeals. Based upon such noncompliance, his appeal is subject to dismissal. *La Grange Memorial Hospital v. St. Paul Insurance Co.*, 317 Ill. App. 3d 863, 876 (2000). The fact that a party appears *pro se* does not relieve that party from complying as nearly as possible to the Illinois Supreme Court Rules for practice before this court. *Peeples v. Village of Johnsburg*, 403 Ill. App. 3d 333, 335 (2010). While the *pro se* appellant may not have fully understood the importance of his compliance with the rules when he initially filed his brief with this court, the appellee's responsive brief put him on notice of his brief's many deficiencies and the dire consequences for failing to comply with Illinois Supreme Court Rules 341 and 342.

¶ 9    Although these many violations of the Illinois Supreme Court Rules justify dismissing appellant's claims on appeal under Illinois Supreme Court Rule 341(h), because the appellee has provided this court with enough materials and appellant made an attempt to correct some of his deficiencies in his reply brief, we address the merits of appellant's three issues raised on appeal.

¶ 10    <h2>A. Standard of Review</h2>

¶ 11    Under Illinois law, a circuit court order that modifies the conditions of custody and visitation is within the discretion of the circuit court and will not be reversed unless a clear

showing of an abuse of discretion by the court is shown. *In re William H.*, 407 Ill. App. 3d 858, 866 (2011). It is this abuse of discretion standard we apply in reviewing appellant's issues.

¶ 12                                   B. Evaluation of Harm to the Children

¶ 13        First, Mark claims that the order providing for supervised visitation with the parties' children is incorrect because no proof of harm to their children was ever submitted to the court during the three-day hearing on Orla's petition requesting supervised visitation. In support of his argument, appellant cites decisions from Arkansas, Idaho, Missouri, Nebraska, Washington and New Jersey that he represents stand for the proposition that harm must be proven in detail. Even if these cases stood for the proposition appellant represents, these non-Illinois cases are not binding on this court. *Clarendon America Insurance Co. v. B.G.K. Security Services, Inc.*, 387 Ill. App 3d 697 (2008) (citing *Mikrut v. First Bank of Oak Park*, 359 Ill. App. 3d 37, 58 (2005)). Appellant's reply brief is no improvement, as it cites to cases from other state jurisdictions. There are a plethora of Illinois cases discussing whether a noncustodial parent's visitation should be supervised. See, *e.g.*, *In re Marriage of Minix*, 344 Ill. App. 3d 801, 808 (2003). In any event, it appears petitioner met the standard by showing detailed harm to the three children in numerous ways. Appellant's argument is devoid of any citation to any evidence that would lead this court to believe that the circuit court was biased or incorrect when it ruled that all future visitation be supervised. The record is replete with evidence that Mark was using his religious faith as a tool to alienate the three children from their mother, Orla, his ex-wife. The record is also filled with evidence demonstrating that Mark's actions were having severe negative effects on the three children and endangering their emotional and mental well-being. One psychologist's expert report was submitted by the petitioner at trial on this issue. Mark did not rebut this psychologist's report with any expert report of his own that supported any contrary view regarding the deleterious effects his many actions had on the children. Mark also did not rebut the expert's conclusions that Mark suffered from mania, grandiose aspirations and lack of impulse control and substance abuse and that he scored within the dysfunctional range on the psychological testing, although he was given opportunity to present his side, including any contrary expert's analysis of his psychological state of mind. To the extent that Mark submitted his testimony and argument as an attempt to rebut the expert's report, such attempt failed as the court found Mark's testimony entirely incredible.

¶ 14                                   C. Appellant's Purported Constitutional Claim

¶ 15        Mark's second argument, that the clinical psychologist's report was inconsistent and unconstitutional, is, at best, convoluted. This argument is also devoid of any citation to Illinois authority. There are no references to either the judge's rulings or specific excerpts from trial exhibits or testimony. It is difficult to discern appellant's claim where his brief does not specifically cite to the trial record that he believes demonstrates an inconsistency. Again, he could have rebutted the psychologist's report with any contrary expert's report, but did not do so. Reading the *pro se* appellant's presentation liberally, we find no viable issue

as to how the psychologist's report is unconstitutional. Mark has not been restricted from practicing his religion. He has been ordered to have supervised visitation for failure to comply with the original agreed parenting order. His non-compliance with the order he agreed to in November 2009 was found to be harmful to the three children in many ways.

¶ 16                          D. Nonprecedential Support Not Considered

¶ 17      Finally, Mark cites an unpublished Rule 23 order issued by this court which he believes supports a reversal of the circuit court order in his case that ordered supervised visitation. Aside from the fact that the *pro se* appellant misrepresents the holding in the Rule 23 order he cites, neither an appellant nor appellee can use a Rule 23 order to support any claim or argument in his or her brief. Such citations are strictly prohibited. Illinois Supreme Court Rule 23(e) states: "An [unpublished order] of this rule is not precedential and *may not be cited* by any party ***." (Emphasis added.). Ill. S. Ct. R. 23(e) (eff. Jan. 1, 2011)

¶ 18      For the reasons stated, the ruling of the circuit court that Mark Voris have supervised visitation with his children is affirmed.

¶ 19      Affirmed.