2021 IL App (1st) 190932-U

Sixth Division
January 22, 2021

No. 1-19-0932

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SCRIBE/SUBSCRIBE, FUNDING, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18 COTD 207 |
| | ) | |
| SIMON STOLARIK, | ) | The Honorable |
| | ) | James R. Carroll, |
| Defendant-Appellant. | ) | Judge, Presiding. |
| | ) | |

_____

JUSTICE CONNORS delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where appellant's brief did not comply with Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) and appellant did not provide a complete record for review, we affirm the trial court's order.

¶ 2   This appeal arises from the trial court's April 9, 2019, order that (1) granted the motion of plaintiff, Subscribe LLC, for possession of property pursuant to a tax deed it obtained on a condominium unit ("property") occupied by defendant, Simon Stolarik; (2) denied defendant's motion to vacate order directing issuance of the tax deed; and (3) granted plaintiff's motion under sections 2-615 (735 ILCS 5/2-615) (West 2018)) and 2-619 (735 ILCS 5/2-619 (West 2018)) to

dismiss defendant's motion to vacate the trial court's order directing issuance of a tax deed on the property. Defendant now appeals that order *pro se*. We affirm. Defendant did not comply with Illinois Supreme Court Rule 341(h) and the record is incomplete. Despite these deficiencies, we nevertheless review the merits and, from our review of the record, we conclude that the court properly granted plaintiff's motion to dismiss defendant's motion to vacate order directing issuance of a tax deed on the property.

¶ 3                                    Background

¶ 4      Initially, we note that the record on appeal includes the common law record. Although the common law record includes a transcript from the August 16, 2018, hearing on plaintiff's application for an order directing the county clerk to issue a tax deed, the record does not include reports of proceedings, bystander's reports, or agreed statements of facts for any other proceedings that took place in the trial court. The facts summarized below are taken from the common law record.

¶ 5      The record shows that on August 4, 2015, Scribe Funding, LLC purchased the subject property at an annual tax sale held by the County Treasurer of Cook County, Illinois.[1] In January 2018, plaintiff filed a petition for a tax deed with the circuit court of Cook County. In the petition, plaintiff asserted that the property had not been redeemed and that the redemption period was set to expire on June 28, 2018. In February 2018, defendant was personally served with the petition.

¶ 6      In June 2018, defendant filed a "Motion by Simon Stolarik for Extension," asserting that "for the first time in my life, my identity was compromised, without my knowledge, have to get

---

[1] On August 23, 2018, the trial court entered an order substituting plaintiff as the tax deed petitioner.

on my feet." Defendant attached to his motion a three-page letter addressed to Cook County Board President Toni Preckwinckle. In the letter, defendant asserted, *inter alia*, that he purchased the property in 1992, he recently "ran into a financial situation and have to get back on my feet, etc.", and that someone stole his "identity, without my knowledge." He requested, among other things, an extension of time for the redemption period until June 28, 2019.

¶ 7    In June 2018, the circuit court entered an order denying defendant's motion for an extension of time for the redemption period. Thereafter, defendant filed a motion to vacate the court's order that denied his motion for extension of time for the redemption period, asserting that he had no transportation, used public transportation, was late for court, and needed a new court date. The circuit court denied defendant's motion to vacate and continued the case.

¶ 8    In July 2018, plaintiff filed an "Application for an Order Directing the County Clerk to Issue a Tax Deed," asserting that the original period of redemption expired on February 5, 2018, and the extended period of redemption expired on June 28, 2018. Plaintiff requested the court to enter an order directing the county clerk to issue a tax deed. At the August 16, 2018, hearing on plaintiff's application, plaintiff's counsel informed the court that the final redemption period expired on June 28, 2018, and there had been no redemption made. A representative for plaintiff testified that he inspected the property and that, during his inspection, defendant told him that he was the owner of the property. Plaintiff's counsel also informed the circuit court that another judge had denied defendant's motions to extend the redemption period and to vacate the order denying the extension.

¶ 9    As previously noted, in August 2018, the trial court entered an order substituting plaintiff as the tax deed petitioner. On August 24, 2018, the trial court entered an order entitled, "Order

3

Directing Issuance of Tax Deed," which stated that the property had not been redeemed from the August 4, 2015, tax sale and plaintiff had complied with the law relating to the issuance of tax deeds. The court ordered the county clerk of Cook County to execute and deliver a deed conveying the property to plaintiff and stated that the court reserved jurisdiction for the purpose of issuing any orders of possession.

¶ 10    In September 2018, plaintiff filed a motion for an order of possession. In October 2018, the court entered an order finding that plaintiff was entitled to possession of the property. In that same order, the court stayed the order of possession until December 3, 2018.

¶ 11    On November 8, 2018, defendant filed a notice of motion for January 7, 2019. The notice did not reference a motion, contain a title of a motion, or state the relief defendant sought. No motion is attached to the notice in the record. However, the record does contain a three-page handwritten letter from defendant that was file stamped by the clerk of the circuit court of Cook County on November 8, 2018, in which he asserted, *inter alia*, that he owned the property since 1992, the property was "not for sale, due to unpayd [sic] taxes," that someone had stolen his identity, and he "was not able to pay my taxes, because my bank accounts were drained out, to pay my taxes."

¶ 12    On November 13, 2018, the court entered an order striking defendant's January 7, 2019, motion date and setting the motion for December 3, 2018. The court's order did not reflect which parties were present in court. The record does not contain a report of proceedings from this November 13, 2018, court date, and, according to plaintiff, defendant was present at this hearing. On November 21, 2018, defendant filed a motion entitled, "Motion by Simon Stolarik for Vacate." In the documents attached to the motion, defendant asserted, *inter alia*, that the court had no right

4

to reschedule his January 7, 2019, motion to December 3, 2018. On December 3, 2018, the court entered an order striking defendant's motion to vacate, noting that defendant failed to appear.

¶ 13    Defendant subsequently filed a notice of motion to be heard on February 11, 2019. No motion is attached to the notice in the record. In a document filed on February 4, 2019, defendant asserted, *inter alia*, that his "[i]dentity [w]as [s]tollen [*sic*], [w]ithout [m]y [k]nowledge, [o]therwise [m]y taxes [w]ould [h]ave [b]een payed [*sic*], [i]n 2013." According to plaintiff, the court treated this February 4, 2019, filing as an amended section 2-1401 (735 ILCS 5/2-1401(a) (West 2018)) petition to vacate. Thereafter, plaintiff filed a motion to dismiss defendant's section 2-1401 petition to vacate pursuant to sections 2-615 (735 ILCS 5/2-615 (West 2018)) and 2-619 (735 ILCS 5/2-619 (West 2018)) of the Illinois Code of Civil Procedure. On April 9, 2019, the trial court entered an order stating that it (1) denied defendant's motion to vacate the order directing issuance of a tax deed; (2) granted plaintiff's motion to dismiss defendant's motion to vacate the order directing issuance of a tax deed; and (3) ordered immediate possession of the property to plaintiff.

¶ 14                                    Analysis

¶ 15    On appeal, defendant requests that we reverse the trial court's April 9, 2019, order. Defendant submitted his brief using a template form approved by the Illinois Supreme Court, which includes various instructions on how to complete the sections therein, including Points and Authorities, Nature of the Case, Issues Presented for Review, Jurisdiction, and Conclusion. These sections in defendant's brief are incomplete. Attached to defendant's incomplete brief is a handwritten letter, in which defendant asserts, *inter alia*, that his whole life savings was invested in the property and that the case "is a [f]raud" and "corrupt."

5

¶ 16    As a reviewing court, we are entitled to the benefit of clearly defined issues with pertinent authority cited and cohesive legal arguments. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) governs the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. These rules are mandatory. *Id*. When a party fails to comply with the applicable rules of appellate procedure, we may strike a brief and dismiss the appeal. *McCann v. Dart*, 2015 IL App (1st), ¶ 12. "The purpose of the rules is to require parties to present clear and orderly arguments, supported by citations of authority and the record, so that this court can properly ascertain and dispose of the issues involved." *Burrell v. Village of Sauk Village*, 2017 IL App (1st) 163392, ¶ 14. When a party is a *pro se* litigant, as here, he is not relieved from his obligation to comply with the appellate rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 25.

¶ 17    Here, defendant's brief does not comply with Rule 341(h). Rule 341(h)(6) requires the appellant to state "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Petitioner's brief fails to comply with Rule 341(h)(6) because it does not contain a statement of facts with appropriate reference to pages of the record to aid our understanding of the case.

¶ 18    Further, Rule 341(h)(7) requires the appellant to "present reasoned argument and citation to legal authority and to specific portions of the record in support of his claim of error." *McCann*, 2015 IL App (1st), ¶ 15 (citing Ill. S. Ct. R. 341(h)(7)). The failure to cite relevant and persuasive authority or assert well-reasoned arguments supported by legal authority violates this rule and

results in forfeiture of the argument. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010); *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009).

¶ 19 Defendant's brief contains no legal arguments or citations to authority or to specific portions of the record to support his claims of error. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). In the document attached to defendant's brief, he asserts that the case is a "fraud" and that he had "been writing the truth, but that's been [t]otally [i]gnored" by the trial court. However, defendant does not include any well-reasoned arguments, legal authority, or citations to the record to support these assertions. We may decline to address any arguments that do not contain appropriate citations. See *Enadeghe v. Dahms*, 2017 IL App (1st) 162170, ¶ 23. Overall, defendant's brief does not adequately comply with Rule 341(h) and we may dismiss his appeal solely on this basis. See *McCann*, 2015 IL App (1st), ¶ 12.

¶ 20 Moreover, our review is hindered because the record on appeal is incomplete. As the appellant, it is defendant's burden to present "a sufficiently complete record" to support his claim. *Ladao v. Faits*, 2019 IL App (1st) 180610, ¶ 36. When the record is incomplete on appeal, we presume that the trial court entered its order "in conformity with law" and with "a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). If we have any doubts based on the ambiguity of the record, we must resolve those issues against defendant, as he is the appellant. *Teton, Tack & Feed, LLC*, 2016 IL App (1st) 150584, ¶ 19.

¶ 21 Here, defendant did not file a transcript of the April 9, 2019, hearing or proceeding in which the court denied defendant's motion to vacate the order directing issuance of a tax deed, granted plaintiff's motion to dismiss defendant's motion to vacate, and ordered plaintiff immediate possession of the property. Defendant also did not file any substitutes, such as a bystander's report

or agreed statement of facts under Illinois Supreme Court Rule 323(c), (d) (eff. July 1, 2017). Because we do not have any transcripts or substitutes of this April 9, 2019, proceeding, we do not know the arguments that were presented to the court, the findings the court made, or the reasoning behind the trial court's order. Because we do not have an adequate record, we must presume the trial court entered the April 9, 2019, order in conformity with the law and that it had a sufficient factual basis to do so. See *Foutch*, 99 Ill. 2d at 392; *Pate v. Wiseman*, 2019 IL App (1st) 181152, ¶ 24 (where the record on appeal did not include a transcript or acceptable substitute for the hearing regarding the issue on appeal, the reviewing court noted that it had no knowledge of the arguments presented, findings made, or reasoning behind the trial court's order and that, therefore, the reviewing court "must presume that the circuit court acted in conformity with the law and ruled properly after considering the evidence before it").

¶ 22   Finally, we note that, even though defendant failed to comply with Rule 341(h) and to provide a complete record, we have the benefit of plaintiff's cogent brief. We therefore can discern, generally, defendant's claims of error with respect to the trial court's April 9, 2019, order, in which the court granted plaintiff's motion to dismiss defendant's motion to vacate the order directing the issuance of a tax deed. Thus, despite the deficiencies in defendant's brief and the incomplete record, we will address the merits of the trial court's April 9, 2019, order that granted plaintiff's motion to dismiss. See *Twardowski v. Holiday Hosp. Franchising, Inc.,* 321 Ill. App. 3d 509, 511 (2001) (even though the plaintiff's brief failed to comply with Rule 341, the court decided to review the merits) As previously discussed, the trial court entered the order directing the issuance of a tax deed in favor of plaintiff on August 24, 2018. According to plaintiff's brief, the trial court treated defendant's February 4, 2019, filing, which was about five months after the court entered

8

the August 24, 2018, order, as an amended section 2-1401 petition to vacate that August 24, 2018 order. The record shows that in plaintiff's sections 2-615 and 2-619 motion to dismiss defendant's motion to vacate, plaintiff argued that defendant failed to show he was entitled to relief under section 2-1401.

¶ 23    A motion filed under section 2-615 of the Illinois Code of Civil Procedure "challenges only the legal sufficiency of a complaint and alleges only defects on the face of the complaint." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 54. A motion to dismiss filed under section 2-619, however, "admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim." *Id*. Our review of a trial court's dismissal under either section is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 24    Section 2-1401 provides "a comprehensive statutory procedure by which final orders and judgments may be vacated more than 30 days after entry by the trial court." *Willis Capital LLC v. Belvedere Trading LLC*, 2015 IL App (1st) 132183, ¶ 18. Under section 2-1401, to be entitled to relief, the petitioner must set forth specific factual allegations supporting the existence of a meritorious defense or claim, due diligence in presenting this defense or claim to the circuit court in the original action, and due diligence in filing the section 2-1401 petition. *Smith v. Airoom, Inc.,* 114 Ill. 2d 209, 220-21 (1986).

¶ 25    Here, defendant's February 4, 2019, filing failed to set forth sufficient facts to establish that he was entitled to relief under section 2-1401, as he failed to set forth facts supporting the existence of a meritorious defense, due diligence in presenting the defense, and due diligence in

9

filing the petition.[2] Therefore, the trial court properly granted plaintiff's section 2-615 motion to dismiss defendant's motion to vacate the August 24, 2018, order directing issuance of a tax deed. Given our conclusion that the court properly granted plaintiff's motion to dismiss based on section 2-615, we will not address plaintiff's motion to dismiss brought under section 2-619.

¶ 26                                  Conclusion

¶ 27    For the reasons stated above, we affirm the trial court's April 9, 2019, order, in which the court (1) granted plaintiff's motion to dismiss defendant's motion to vacate the order directing issuance of a tax deed; (2) denied defendant's motion to vacate the order directing issuance of a tax deed; and (3) ordered that plaintiff's motion for possession be granted for immediate possession.

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 29    Affirmed.

---

[2] As previously discussed, according to plaintiff's brief on appeal, the trial court treated defendant's February 4, 2019, filing as an amended section 2-1401 petition to vacate. Further, the record contains plaintiff's sections 2-615 and 2-619 motion to dismiss defendant's "motion to vacate order directing issuance of a tax deed," in which plaintiff asserts that the trial court considered defendant's February 4, 2019, filing as an amended section 2-1401 petition to vacate.