2024 IL App (1st) 221344-U

No. 1-22-1344

Order filed January 24, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* ESTATE OF JOHN T. TENINTY, SR., Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Kelly P. Teninty, | ) | Cook County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | No. 20 P 4778 |
| v. | ) | |
| | ) | |
| John T. Teninty, Jr., Executor, | ) | Honorable |
| | ) | Kent A. Delgado, |
| Respondent-Appellee). | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm in the absence of a complete record, over petitioner's challenges to the distribution of her share of the decedent's estate.

¶ 2    Petitioner Kelly P. Teninty appeals *pro se* from the trial court's order directing respondent

John T. Teninty, Jr. (executor), the executor of the estate of John T. Teninty, Sr. (decedent), to

distribute to petitioner her share of the appraised monetary value of diamonds belonging to the

estate. On appeal, petitioner asserts that the trial court improperly denied her the "fair share" value of the estate. We affirm.[1]

¶ 3    The record on appeal does not contain any reports of proceedings. The following background information is obtained from the common law record.

¶ 4    The decedent was the father of five children, including petitioner and the executor. On August 14, 2020, the decedent died, leaving a will. The will stated, "I give all of my tangible personal property to my children who survive me, and my Personal Representative shall divide the property among my children as equally as is practical, having regard for each child's preferences."

¶ 5    On October 21, 2020, the trial court admitted the will into probate, appointed the executor as independent executor, and declared that the decedent's only heirs were his five children, including petitioner and the executor.

¶ 6    Petitioner filed a motion for "full accounting and distribution of inheritance," requesting "an updated accounting of assets and liabilities, and [her] full share of distribution" as she disagreed with the accounting she had received. The court directed the executor to file a "file accounting" and granted petitioner leave to file objections thereto.

¶ 7    Petitioner filed an "Objection to the final accounting and final disbursement," stating she "found numerous accounting errors and items not listed as assets" in the accounting she received on September 23, 2021. She alleged that jewelry from a safe deposit box, including two diamond rings and matching watches, were missing, along with "[c]ash from sale of items in lieu of an estate sale" and a pool table. She also disputed payments received by each of her siblings. Among

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

other relief, petitioner sought to compel the executor to provide the appraised value of jewelry distributed.

¶ 8    The executor then filed a final account as of September 20, 2021, reflecting that petitioner had already received partial distributions totaling $20,008 and proposing a final distribution to petitioner of $44,980.60. The executor also filed a final report, stating that all claims allowed had been paid in full and administration was completed.

¶ 9    In a response to petitioner's objections, the executor stated that he never had access to the safe deposit box or possessed any jewelry of the decedent's estate. He asserted petitioner had access to the decedent's safe deposit box prior to the decedent's death and "had taken possession of the decedent's spouse's jewelry boxes after his passing." The executor also asserted that, at a February 2021 gathering of all the heirs to decide who would like certain items from the estate, petitioner raised "nothing" regarding jewelry missing from the estate. The executor provided an affidavit averring to the statements in his response.

¶ 10    Petitioner answered that her prior objections were to stand. She added that she did not attend the "Heirloom Draft," and the final accounting she received still did not represent items that belonged to her parents. As to the missing jewelry, petitioner asserted she did not have access to the safe deposit box.

¶ 11    On April 20, 2022, the trial court entered an order reflecting that, following a hearing on petitioner's objections during which the court "heard testimony," the court sustained petitioner's objection as to "the diamonds in the safety deposit box," and denied her other objections. The court subsequently granted petitioner leave to file an objection to the appraisal of the diamonds.

¶ 12    Petitioner filed another objection, asserting the "failure to provide appraisals for parents jewelry" and repeating many of the same objections in her first objection. She stated that the executor had testified that a sibling took the jewelry from the safe deposit box and gave the executor their grandmother's pendant. The estate provided an appraisal for the pendant, which was valued at $4185, but appraisals had not been provided for her mother's rings, father's ring, and parents' matching gold diamond watches. She set forth estimated values for those items and requested that the court award her 1/5th of those values and that of the pendant, for a total of $19,837.

¶ 13    The executor replied that the issues petitioner raised were the same as she previously raised, the majority of which the court had denied following the April 25, 2022, hearing. The court had found petitioner's only "substantiated" objection concerned the two diamonds from her grandmother's rings that had been converted into a pendant. It ordered the executor to provide an appraisal of the pendant, which he did.

¶ 14    On August 31, 2022, the trial court entered an order reflecting that the matter came before the court "upon status" and "any objections to the appraisal for the diamonds per the Court's prior order." The order stated, "There being no objection to the appraisal for the diamonds presented by the executor, the estate shall distribute to [petitioner] the monetary amount of her share of the appraised value pursuant to the admitted Will of the decedent."

¶ 15    Petitioner timely appealed, listing August 31, 2022, as "the date of every order or judgment" she wanted to appeal.

¶ 16    On appeal, petitioner challenges the proceedings in the court below, asserting she was denied her "fair share value" of her parents' jewelry, and that a final accounting was admitted even though past due amounts and taxes had not been paid.

¶ 17    At the outset, our review of petitioner's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Rule 341 sets forth a number of mandatory procedural rules governing the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Among those rules, the appellant must provide a statement of facts "necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal," as well as argument, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020).

¶ 18    Here, in contravention of Rule 341(h), petitioner's brief fails to clearly state the facts of the case without argument, or provide a clear argument supported by citation to the relevant legal authorities and record pages. *Id.* "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Therefore, to the extent that petitioner's brief fails to comply with Rule 341(h)(7), her arguments are forfeited.

¶ 19    Given the content of petitioner's brief, it would be within our discretion to strike her brief and dismiss this appeal. See *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, we recognize that striking a brief for not complying with Rule 341 is a harsh sanction. *In re Detention of Powell*, 217

Ill. 2d 123, 132 (2005). Further, we can ascertain the issues petitioner attempts to raise. Therefore, in the exercise of our discretion, we decline to strike her brief. Nonetheless, deficiencies in the record on appeal still prevent us from considering the merits of petitioner's appeal, which appears to be directed to the trial court's disposition of her objections to the final accounting of the estate.

¶ 20 Petitioner, as appellant, had the burden to present this court with a record sufficient to resolve the issues on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). "An issue relating to a [trial] court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceedings." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). In the absence of a complete record, we must presume that the trial court's determinations conformed with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. The basis for the presumption is that this court must have a record to review to determine whether there was actually an error. *Id.*

¶ 21 In the trial court, petitioner raised numerous objections to the final estate accounting provided by the executor. Following a hearing on April 20, 2022, at which the court "heard testimony," it sustained her objection relating to the diamonds in the safe deposit box and denied the other objections. The court subsequently granted petitioner 28 days to file an objection to the appraisal of the pendant containing the diamonds. On August 31, 2022, the court entered the following order: "There being no objection to the appraisal for the diamonds presented by the executor, the estate shall distribute to Kelly Teninty the monetary amount of her share of the appraised value pursuant to the admitted Will of the decedent." However, the record does not contain any reports of proceedings or a proper substitute for transcripts under Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 22    Plaintiff challenges the August 31, 2022, order. Without a report of those proceedings, we cannot know what argument or information was presented to the trial court and must presume that the court's determinations conformed with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. We note that, although the court had granted petitioner leave to object to the appraisal for the diamonds presented by the executor, its August 31, 2022, order specifically stated that no objection to the appraisal was filed. Indeed, the common law record does not reflect that petitioner filed such an objection. Accordingly, on this record, we must affirm the August 31, 2022, distribution order.

¶ 23    To the extent that petitioner appears to appeal the trial court's April 20, 2022, denial of her other objections directed against the executor's final accounting, we again are without an adequate record to review such contentions. The record shows that the trial court held a contested hearing on petitioner's objections, during which it "heard testimony." As there is no report of those proceedings in the record on appeal, we do not know what testimony or evidence was presented, and therefore must presume the trial court's order was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 25    Affirmed.