2024 IL App (1st) 231578-U

FOURTH DIVISION
Order filed: February 29, 2024

No. 1-23-1578

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE ESTATE OF CAROLINE McMULLAN | ) | Appeal from the |
| (Monica Cooper, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellant, | ) | |
| | ) | No. 2018 P 8804 |
| v. | ) | |
| | ) | |
| Toni Callaway, | ) | Honorable |
| | ) | Terrence J. McGuire, |
| Respondent-Appellee). | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dismissed for failure to comply with Illinois Supreme Court Rule 341 and for failure to file a report of proceedings on August 21, 2003.

¶ 2    The petitioner, Monica Cooper, acting *pro se,* filed a notice of appeal from an August 21, 2023, order of the circuit court (1) finding that the Final Report of the Independent Representative of the Estate of Caroline McMillan, deceased, had been filed, (2) discharging the independent

representative, (3) closing Estate of Caroline McMillan, deceased, (4) striking the order directing the independent representative to file a final report, and (5) finding that the petitioner, as the surviving spouse of the decedant, had not filed a written will renunciation or any other instrument as required by section 2-8(b) of the Probate Act (755 ILCS 5/2-8(b) (West 2022)). For the reasons which follow, this appeal is dismissed.

¶ 3    On August 31, 2023, the petitioner, filed a notice of appeal from the August 21, 2023, order of the circuit court discharging the independent representative of the Estate of Caroline McMillan, deceased, and closing the estate. On December 12, 2023, the petitioner filed her brief. The respondent, Toni Callaway, has not filed a brief, and as a consequence, we have taken this appeal for disposition on the petitioner's brief and the common law record.

¶ 4    The brief filed by the petitioner fails to comply with the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) applicable to briefs filed with this court. Rule 341(h)(4) requires an appellant's brief to contain a statement of jurisdiction "including the supreme court rule or other law which confers jurisdiction upon the reviewing court." The statement of jurisdiction in the petitioner's brief fails to cite to the supreme court rule or other law which confers jurisdiction upon this court. Rule 341(h)(6) requires that an appellant's brief contain a statement of facts "necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" There is no statement of facts in the brief filed by the petitioner. Rule 341(h)(7) requires that an appellant's brief contain an argument section setting forth "the contentions of the appellant and the reasons therefore, with citation of authorities and the pages of the record relied on." The argument section of the petitioner's brief fails to reference any of the pages in the record upon which she relies to support her argument. The argument section of the petitioner's brief consists of 2 ½  pages of factual

assertions without any references to the pages of the record supporting the assertions.  In fact, there are no citations to the pages of the record in any portion of the appellant's brief.

¶ 5     Illinois Supreme Court Rules governing the content of appellate briefs are mandatory. *Voris v. Voris,* 2011 IL App (1st) 103814 ¶ 8; *People v. Garstecki,* 382 Ill.App.3d 802, 811 (2008). The petitioner's *pro se* status does not relieve her of the duty to comply with the supreme court rules governing appellate procedure.  *Wing v. Chicago Transit Authority,* 2016 IL App (1st) 153517, ¶ 7; *Twardowski v. Holiday Hospitality Franchising, Inc.,* 321 Ill.App.3d 509, 511 (2001).

¶ 6     We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). As a reviewing court, we are not tasked with the obligation of searching the extensive record in an effort to find support for the petitioner's factual assertions. When, as in this case, an appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77.

¶ 7     Based on the deficiencies noted in the petitioner's brief, especially her total failure to support any of her factual allegations with citations to the record on appeal, we strike the petitioner's brief and dismiss this appeal.

¶ 8     We note further that the record on appeal does not contain a transcript of the proceedings before the circuit court on August 21, 2023.  It was the petitioner's burden to support her claims of error by presenting a sufficiently complete record of the circuit court proceedings.  *Foutch v. O'Bryant,* 99 Ill.2d 389, 391-2 (1984).  "[I]n the absence of such a record on appeal, it will be presumed that the

order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 9    Dismissed.