2026 IL App (1st) 241421-U

No. 1-24-1421

Order filed January 9, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ETHEL ASHFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 9376 |
| | ) | |
| GEORGE FERRO, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the trial court's judgment where appellant has failed to provide an adequate record on appeal for review of her challenge to the damages award.

¶ 2    Following a bench trial, the trial court found that defendant-landlord George Ferro wrongfully changed the locks of an apartment unit rented by plaintiff-tenant Ethel Ashford, improperly terminated the tenancy, and wrongfully removed her belongings. The court awarded Ashford two months of rent as damages. In Ashford's *pro se* appeal, she challenges the amount of

damages, requests additional damages for, or the return of, her property that Ferro removed from the rented premises. We affirm.

¶ 3    At the outset, we note that the record on appeal does not contain a report of proceedings or any acceptable substitute. We derive the following facts from the common law record.

¶ 4    On September 15, 2023, Ashford filed *pro se* a complaint against Ferro for "unlawful eviction." Ashford alleged that she paid rent to Ferro "up until he told [her] he had removed [her] belong[ing]s," which happened while she was out of town. When she returned, she discovered that Ferro had changed the locks on the apartment and refused to return her property.

¶ 5    On May 20, 2024, Ferro answered the complaint, stating: "Motion to Dismiss. Petitioner has not proven the case."

¶ 6    On June 23, 2024, the court issued a written order finding for Ashford on her "illegal lockout from her apartment" allegation and awarding her $1,300 in damages. The order indicated that the parties appeared *pro se* for the trial, were the only witnesses, and did not submit any physical or documentary evidence. The court noted that the parties agreed they had signed a lease in summer 2020 for a unit in an apartment building on the 1000 block of 17th Avenue in Maywood, Illinois, with a monthly rent of $650.

¶ 7    The court's order recited Ashford's and Ferro's testimony. Ashford testified that in January 2023, she left town for almost six months. When she returned to the unit in June 2023, she discovered that the locks had been changed, Ferro denied her access to the unit, and he had removed her personal belongings.

¶ 8    Ferro testified that he signed a one-year lease with Ashford, but he failed to produce the lease. Ferro admitted that he ordered the locks changed in June 2023. He had "made an agreement

with the 3-5 people who were occupying Ashford's unit at the time, to move out and remove their belongings." The individuals moved, gave maintenance the keys, but did not remove any of the personal property. Ferro had the locks changed and all of the property removed from the unit one or two weeks later. He had not heard from Ashford for several months before changing the locks, and she was behind on the rent. Ashford denied that any other people lived in the unit at any time.

¶ 9    The court found that Ferro violated section 42-805(e)(2) of the Cook County Residential Tenant and Landlord Ordinance (RTLO) (Cook County Ordinance No. 20-3562, § 42-805(e)(2) (eff. June 1, 2021)), and awarded Ashford two months of rent, $1300, as damages under the RTLO. The court stated that Ferro wrongfully changed the locks, improperly terminated the rental tenancy, and wrongfully removed Ashford's belongings but Ashford "failed to provide any proof of actual damages." Although Ashford testified that her belongings were removed from the unit, the court found she provided no estimates, proof of value, "other testimony or evidence related to any damages whatsoever." Thus, it entered judgment in Ashford's favor, against Ferro, for $1,300, two months' rent as damages under the RTLO. Ashford's appeal follows.

¶ 10    On August 15, 2025, this court entered an order on its own motion taking the appeal on the record and Ashford's brief only as Ferro failed to file a brief on appeal within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 11    On appeal, Ashford requests additional damages for, or the return of, her property that Ferro removed from the unit. She describes some of the removed property, asserts that the court "never ask[ed] [her] any questions about the case," and contends the court "help[ed]" Ferro and "ruled in his favor."

¶ 12    Ashford filed her *pro se* brief using the Illinois Supreme Court's approved preprinted appellant brief. However, her brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules that govern the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. For example, Ashford merged her statement of facts with her argument and fails to cite the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (the statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal"). Ashford also fails to clearly articulate an argument or cite any legal authority. See Ill. S. Ct. R. 341(h)(5), (7) (eff. Oct. 1, 2020) (requiring an argument section containing "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on").

¶ 13    This court will not be more lenient with *pro se* litigants, who must comply with the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Supreme court rules are not mere suggestions, and we may strike a brief and dismiss an appeal for failure to comply with the rules. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. Although doing so is within our discretion, we choose not to impose that harsh sanction here. *Gillard*, 2019 IL App (1st) 182348, ¶ 45.

¶ 14    That said, our review is impeded by the inadequate record on appeal.

¶ 15    The issue here concerns the trial court's damage award under the RTLO. Under the tenant rights section of the RTLO, "[a]n aggrieved person may recover *** an amount not more than two (2) months' rent or twice the actual damages sustained by them, whichever is greater, and

reasonable attorney's fees." Cook County Ordinance No. 20-3562, § 42-805(e)(2) (eff. June 1, 2021).

¶ 16    We will not disturb a trial court's finding on damages unless it was against the manifest weight of the evidence. *Slyce Coal Fired Pizza Co. v. Metropolitan Square Plaza, LLC*, 2025 IL App (1st) 221279, ¶ 171. A finding is against the manifest weight of the evidence where "the opposite conclusion is clear" or the judgment "appears to be unreasonable, arbitrary, or not based on evidence." (Internal quotation marks omitted.) *Id.*

¶ 17    The record establishes that the trial court held a bench trial and awarded Ashford two months of rent as damages under the RTLO, specifically finding that she "failed to provide any proof of actual damages." As noted, the record consists only of the common law record and no report of proceedings. With no report of proceedings, bystander's report, or record of the hearing other than the court's written order, we have no way of knowing Ashford's testimony and arguments presented regarding her actual damages relating to Ferro's removal of her personal property. See *Neurospine Institute, P.C. v. Carson*, 2017 IL App (1st) 163386, ¶ 33. We note the trial court stated that Ashford provided no estimates or proof of value relating to the removed property, and nothing in the common law record leads us to doubt this finding. Although Ashford contends that the trial court "never ask[ed] [her] any questions about the case," without a report of proceedings we cannot review the contention, let alone determine that Ashford did in fact present proof of actual damages.

¶ 18    Ashford, as appellant, bears the burden of presenting a sufficient record so that this court may evaluate the alleged error. *Maniscalco v. Porte Brown, LLC*, 2018 IL App (1st) 180716, ¶ 30. Any doubt arising from the record's incompleteness will be construed against her. *Fouch v.*

*O'Bryant*, 99 Ill. 2d 389, 392 (1984). Absent a sufficient record, we must presume that the trial court's order conformed with the law and had a sufficient factual basis. *Id*.

¶ 19    We find this record insufficient to review the trial court's award of damages. See *Foutch*, 99 Ill. 2d at 391 ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Given the record's incompleteness, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for the amount of damages it awarded to Ashford. *Id.* at 392. Consequently, we have no basis to disturb the trial court's judgment. *Id.* at 391-92.

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21    Affirmed.