NOTICE

Decision filed 02/02/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250071-U

NO. 5-25-0071

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THOMAS E. BYRD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Lawrence County. |
| | ) | |
| v. | ) | No. 24-LA-4 |
| | ) | |
| LAWRENCE CORRECTIONAL WARDEN, | ) | |
| MARSHALL WHITE, and JAYDEN WOODWARD, | ) | Honorable |
| | ) | Michael M. Strange, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices McHaney and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's order dismissing the plaintiff's complaint, as his brief fails to comply with Supreme Court Rules and does not present a coherent argument.

¶ 2    The plaintiff, Thomas E. Byrd, appeals the January 15, 2025, order of the circuit court of Lawrence County, dismissing his complaint against the defendants, the Lawrence Correctional Warden, Officer Mashall White, and Officer Jayden Woodward. For the following reasons, we affirm the dismissal for the plaintiff's failure to comply with Supreme Court Rules.

¶ 3                                I. BACKGROUND

¶ 4    The plaintiff is an inmate at the Lawrence Correctional Center, and he filed a complaint against the defendants on September 6, 2024. The complaint alleged that the plaintiff stayed in

1

"inhumane living conditions" for 13 days in his cell. The plaintiff stated that due to a previous fire in the cell, the agent used to extinguish the fire was still present in the cell, and caused the plaintiff to have a nosebleed, itchy skin, and a headache. The plaintiff complained of the conditions to officers White and Woodward. The complaint requested $130,000 in damages.

¶ 5 The plaintiff filed an amended complaint on October 30, 2024. The amended complaint alleged that the defendants were deliberately indifferent to the plaintiff's right to humane conditions in prison, in violation of the eighth amendment of the United States Constitution. The plaintiff attached two exhibits to the complaint. The first attached exhibit was a written letter from the plaintiff to the Administrative Review Board (ARB), stating that the plaintiff filed four total grievances, it had been over 90 days, and the plaintiff wanted to know if his grievances should be considered exhausted. The second exhibit was the return of grievance form, dated January 18, 2024, in response to a grievance from the plaintiff, filed January 4, 2024. The ARB return form stated that the grievance was not in accordance with the administrative procedures and requested his original written grievance and the response.

¶ 6 On November 27, 2024, the defendants filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-615, 2-619 (West 2022). The motion alleged that, pursuant to section 2-615, the plaintiff failed to state a legally valid claim because "he fails to state in either his original complaint or his amendment to the complaint facts supporting what State law or Constitutional right his claim would fall under with specificity." Further, pursuant to section 2-615, the plaintiff failed to provide facts that he exhausted the grievance process as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a) (2018). The motion alleged that the plaintiff's claim was barred under sovereign immunity, under section 2-619, where

2

the defendants' actions did not exceed their authority under state or constitutional law, or that they violated any law.

¶ 7 The plaintiff responded to the motion to dismiss, stating that qualified immunity did not apply and that he should be able to receive money damages. In support of his claim, the plaintiff stated that his constitutional right to humane living conditions under the Illinois Constitution was violated, and that the defendants were personally responsible for the violation of his rights.

¶ 8 The circuit court held a hearing on the motion to dismiss on January 15, 2025. The court granted the motion to dismiss, finding that the plaintiff did not show that he had exhausted his administrative remedies. The plaintiff appealed on February 3, 2025.

¶ 9                                    II. ANALYSIS

¶ 10 The plaintiff filed his brief on April 9, 2025, stating, "Now comes [the plaintiff], *pro se* with only Exhibits as Proof of Exhaustion: See Ex #1 and Ex #2." The plaintiff argues that he made three attempts at exhaustion, but the ABR and Lawrence Correctional Facility "are very smart at hiding Grievances, not answering Grievance at alotted time and misplacing Grievances to stall civil actions." The brief included three exhibits as attachments and the "Addition" document included two more exhibits. The defendants argue on appeal that the plaintiff failed to comply with the Illinois Supreme Court Rules, and we agree.

¶ 11 Illinois Supreme Court Rule 341 sets forth the format and contents of appellate briefs. Ill. S. Ct. R. 341 (eff. Oct. 1, 2020); *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Compliance with the rules is mandatory, even for a *pro se* litigant. *Voris*, 2011 IL App (1st) 103814, ¶ 8. Furthermore, this court may, in its discretion, strike a brief and dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77.

3

¶ 12    Plaintiff's opening brief violates all the Rule 341(h) requirements. Rule 341 details the requirements for an appellant's brief, including a table of contents, introductory paragraph, statement of the issue presented for review, a statement of jurisdiction, statutes involved, a statement of facts, argument, and conclusion. Ill. S. Ct. R. 341(h)(1-8) (eff. Oct. 1, 2020). The plaintiff's brief fails to comply with every required section of Rule 341, not including even a statement of facts or the issues presented for the court to review on appeal.

¶ 13    Rule 341(h)(6) requires that the appellant include a "Statement of Facts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The plaintiff does not include a statement of facts; instead, he provides only a three-sentence paragraph that offers no factual information about the case or its procedural history. He additionally claims that the ARB and correctional facility "are very smart at hiding Grievances," a claim that is argumentative and not fact based. He does not provide any citations to the record on appeal either.

¶ 14    In addition, Rule 341(h)(7) requires the appellant to present reasoned argument and citation to legal authority and to specific portions of the record in support of his claim of error. Ill. S. Ct. R. 341(h)(7). This rule is especially important because, when reviewing a case, the appellate court starts with the presumption that the circuit court's ruling was in conformity with the law and the facts. See *Behrstock v. Ace Hose and Rubber Co.*, 147 Ill. App. 3d 76, 86 (1986) (observing that "it is well settled that all reasonable presumptions are in favor of the action of the trial court."); *In re Alexander R.*, 377 Ill. App. 3d 553, 556 (2007) (noting the general and well-established principle of appellate review that the circuit court knows and follows the law). The appellant bears the burden of overcoming that presumption. *Behrstock*, 147 Ill. App. 3d at 86. Moreover, it is well

4

established that appellate courts " 'are entitled to have the issues clearly defined, [and] to be cited pertinent authorities.' " *Northwestern Memorial Hospital v. Sharif*, 2014 IL App (1st) 133008, ¶ 20 (quoting *In re Estate of Kunz*, 7 Ill. App. 3d 760, 763 (1972)).

¶ 15    The plaintiff states in his brief that the "Illinois Dept. of Correction Rule 504 says after 90 days Grievance can be deemed denied and Exhausted." The plaintiff, however, does not provide any citations to the legal authorities that would apply to his case or the citation for the alleged rule itself, detailing the grievance process. The plaintiff fails to not only include the necessary citations, but he also failed to include any legal argument whatsoever about his claim and instead attached multiple exhibits, which have no explanation. The appellate court is "not a depository in which the burden of argument and research may be dumped." *Holzrichter*, 2013 IL App (1st) 110287, ¶ 80.

¶ 16    The plaintiff's brief does not articulate any cohesive legal argument for our consideration and fails to comply with all the requirements set forth in Rule 341, including any statement of facts, issues presented on appeal, or an argument section. The plaintiff's failure to comply with Rule 341 results in the forfeiture of his arguments on appeal. *Beneficial Illinois Inc. v. Satterfield*, 2013 IL App (1st) 122470-U, ¶ 35 (citing *First National Bank of LaGrange v. Lowrey*, 375 Ill. App. 3d 181, 211 (2007)).

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated above, we affirm the decision of the circuit court.


¶ 19    Affirmed.